UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DANIEL BANKS,

    Plaintiff,                                         Civil Action No. 13-CV-14477

vs.                                                 HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entry 11, 18]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for Social Security disability insurance benefits. Defendant, by decision of an Administrative Law Judge ("ALJ"), found that plaintiff is vocationally limited by degenerative disc disease, particularly in his cervical spine, and that he cannot perform his past work as a truck driver. However, the ALJ concluded that plaintiff is not disabled because he has the residual functional capacity to perform a limited range of light-level work which, according to a vocational expert ("VE"), exists in significant numbers in the regional and national economy.

Under § 405(g) the issue is whether the ALJ's decision, which represents defendant's final decision in this matter, is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consol. Edison*

*Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the matter *de novo*, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

The medical evidence in this case has been completely summarized in the ALJ's decision and in the parties' briefs. In short, plaintiff's cervical spine was injured in September 2008 when plaintiff was involved in a head-on collision while driving a truck. Plaintiff was diagnosed with "[p]ost-laminectomy syndrome with herniated disc, C3-C4 and C4-C5 with radiculomyelopathy" and in December 2008 he underwent a discectomy and fusion procedure at C3-C4, C4-C5, and C5-C6 (Tr. 276). Since then, plaintiff has complained of severe neck pain, which radiates into his arms and back. At the hearing plaintiff testified that the pain is constant; that it prevents him from engaging in most activities, including driving; that he can walk for ten minutes, sit for one hour, and stand for 15 minutes; that the pain prevents him from sleeping well; that he must lie or sit down to alleviate the pain and naps two or three times during the day because his pain medication "put[s] me to sleep"; and that when he sits he must keep his feel elevated to alleviate the pain in his back (Tr. 50-54). The VE testified that if plaintiff's testimony were credited, no jobs exist which he could perform (Tr. 57). However, the VE identified several thousand unskilled assembly and packaging jobs which could be performed by a person with plaintiff's age, education, and work experience "who can perform work at the light[] exertional level; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl;

2

can occasionally reach overhead; cannot drive vehicles on the job; and should avoid hazards such as moving machinery" (Tr. 55). According to the VE, the "[s]ame positions would be available at a reduced number" if the hypothetical person needed a sit/stand option and could "only . . . occasionally flex his neck sideways" (Tr. 56).

Plaintiff's treating physician and surgeon, Dr. Teck Mun Soo, indicated on April and June 2009 that plaintiff was "unable to perform all duties of his/her occupation" since December 2008 as he was in "surgical recovery" (Tr. 255-60). Dr. Aful Shah, who examined plaintiff in September 2011 at the request of the Michigan Disability Determination Service, found that he "has moderate to severe restriction of range of motion in both shoulders [and] severe restriction of range of motion of the LS spine" (Tr. 284). He diagnosed chronic cervical disc disease, chronic cervical radiculopathy, and chronic lumbar degenerative joint disease, and concluded that plaintiff "has moderate restrictions for occupational ability because of his cervical disc disease requiring two surgeries, lumbar pain, arthritis and headaches and knee arthritis [and] has limitations for walking, standing and climbing the stairs and ladders" (Tr. 284). Dr. Peter Samet, who examined plaintiff in May 2012, found that plaintiff had "significant weakness in both upper extremities," a severely restricted range of motion in his cervical spine and "significant paraspinal muscle spasms" (Tr. 295). Dr. Samet diagnosed "[c]ervical stenosis and radiculopathy status post multiple level cervical fusion and decompression with resulting neck pain and upper extremity weakness," and opined that plaintiff "will never be able to work in any capacity as a result of this injury" (Tr. 295). He found that plaintiff can do no lifting or carrying; that during an eight-hour work day plaintiff can sit for a total of two hours and sit or stand for ten minutes; that he can use his hands only occasionally (one-third of the time) for reaching, handling, fingering, feeling and pushing/pulling; that he can use his

3

feet to operate foot controls only occasionally; and that plaintiff cannot climb stairs or ladders, balance, stoop, kneel, crouch or crawl (Tr. 295-99).

The ALJ, while thoroughly summarizing the medical evidence, gave "limited weight" to the limitations found by Dr. Shah (Tr. 31), "little weight to the assessment of Dr. Samet" (Tr. 32), "little weight" to Dr. Soo's restrictions (Tr. 32), "limited" and "little" weight to physical therapist and physicians assistants who suggested limitations shortly after plaintiff's accident (Tr. 33), and "little weight" to a statement submitted by plaintiff's wife (Tr. 33).[1]  The ALJ also rejected plaintiff's own description of his limited daily activities, finding it "difficult to attribute that degree of limitation to the claimant's medical condition . . . ." (Tr. 31).  The only restrictions the ALJ did accept are that plaintiff

> cannot climb ladders, ropes, or scaffolds.  He can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl.  He can occasionally reach overhead.  He cannot drive vehicles on the job. He should avoid hazards, such as moving machinery.  He can only occasionally flex his neck sideways.  He requires a sit/stand at will option at the workstation.

(Tr. 34.)  Except for these restrictions, the ALJ found that plaintiff is able to perform light-level work.

Having reviewed the entire record and the parties' briefs, the Court is convinced that the ALJ's decision is not supported by substantial evidence.  First, the ALJ does not explain how he arrived at these restrictions.  It appears that the restrictions in the first full sentence were simply

---

[1] In a letter dated April 14, 2012, Latitia Lewis Banks indicated that before his accident in September 2008 plaintiff was involved with family and active around the house (Tr. 194). After the accident, plaintiff "has pain all the time," cannot pick up his granddaughter, "moans in his sleep and wakes up sweating and in pain," and cannot sit, stand or walk long before having to lie down (Tr. 194).

4

adopted from the state disability examiner (Tr. 66) who, in turn, appears to indicate that the limitations are supported Dr. Shah (*see* Tr. 62, citing Jefferson Medical Industrial Clinic opinion dated 09/19/2011). Yet while the state examiner (and the ALJ) found that plaintiff can occasionally climb stairs and stoop, Dr. Shah found plaintiff cannot do so (Tr. 288). Moreover, the only medical evidence specifically regarding plaintiff's ability to climb ramps, balance, kneel, crouch and crawl is found in the report of Dr. Samet, who opined that plaintiff cannot do these things (Tr. 299). The record simply does not support the ALJ's finding that plaintiff "can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl."

Second, the ALJ does not adequately explain his reasons for concluding that providing plaintiff with a sit/stand option will suffice to accommodate plaintiff's need to change positions to alleviate his neck and back pain. Plaintiff testified that he must frequently lie down or sit with his feet reclined in order to alleviate his pain. The only physician to have expressed an opinion about plaintiff's ability to sit and stand, Dr. Samet, limited plaintiff to a total of two hours of sitting and ten minutes of standing during an eight-hour work day. On remand the ALJ must explain, with specific citations to the medical evidence, his basis for concluding that plaintiff can sit and/or stand for a total of eight hours per day, five days per week, and that his need, if any, to lie down or to elevate his feet can be accommodated by providing him with a sit/stand option alone.

Third, the ALJ makes no findings which would support his conclusion that plaintiff can meet the lifting, carrying, walking, sitting, standing, pushing, and pulling requirements of light-level work. Work at this exertional level

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves

5

> sitting most of the time with some pushing and pulling of arm or leg
> controls. To be considered capable of performing a full or wide range
> of light work, you must have the ability to do substantially all of
> these activities.

20 C.F.R. § 404.1567(b). It is not enough for the ALJ to recite the medical opinion evidence and then state that it is all deserving of little or no weight. The physicians who have examined plaintiff following his surgery in December 2008 have all indicated that his ability to engage in work-related activity is limited. Dr. Soo did not quantify the restrictions but did indicate plaintiff could not return to work through at least September 2009. Dr. Shah found in September 2011 that plaintiff "has limitations for walking, standing, and climbing the stairs and ladders," although he did not quantify these limitations (Tr. 284). Dr. Samet found that plaintiff cannot lift or carry even ten pounds, that he can sit for only two hours, and can stand and walk for ten minutes, and that he can only occasionally use his hands for pushing and pulling and his feet to operate foot controls (Tr. 296-98). There is simply no support in the medical evidence for the ALJ's finding that plaintiff can stand and sit for eight hours per day, that he can lift and carry up to 20 pounds occasionally and up to ten pounds frequently, or that he can push and pull arm or leg controls.

Fourth, the ALJ neglected to make findings regarding the extent of the numbness in plaintiff's arms and hands and to include such findings in his hypothetical questions to the VE. The ALJ appears to have dismissed the numbness issue based on Dr. Soo's statement in June 2009 that "his numbness in the upper extremities had improved" (Tr. 270). However, improvement does not imply nonexistence, and the record seems clearly to indicate that this problem persisted after June 2009. *See, e.g.*, Tr. 268, noting in September 2009 that plaintiff "returned with complaints of neck pain, as well as bilateral hand numbness radiating into the index fingers"; Tr. 265, noting in October 2009 that plaintiff "returned today with complaints of neck pain and bilateral hand numbness"; Tr.

282, noting in September 2011 that plaintiff "has tingling and numbness in both hands off and on, more on the right than the left"; and Tr. 294, noting in May 2012 that plaintiff "complains of intermittent numbness traveling into his upper extremities to his hands." On remand, the ALJ must make findings as to the severity and frequency of this numbness and include such findings in hypothetical questions to the VE, as VE testimony is probative only to the extent it is given in response to hypothetical questions which accurately portray plaintiff. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994).

Fifth, the ALJ neglected to make findings regarding the extent of the side effects of plaintiff's medications and to include such findings in his hypothetical questions to the VE. Plaintiff testified that his pain medications "put me to sleep" and that he naps frequently throughout the day (Tr. 47, 50; *see also* Tr. 178). The record indicates plaintiff takes, or has taken, various medications for pain and muscle spasms (Tr. 136, 178, 199, 283, 294). Rather than inquiring further about these side effects or making any other effort to develop the record, the ALJ disposed of this medically and vocationally significant issue with a single sentence to the effect that "the available medical evidence of record . . . does not support the claimant's testimony" (Tr. 30). On remand, the ALJ must (1) determine which medications plaintiff is taking and has taken during the relevant time period, (2) make findings as to the nature and extent of these medications' side effects on plaintiff and (3) incorporate these findings in proper hypothetical questions to the VE to determine whether work exists in significant numbers that can be performed by a person experiencing such side effects.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability

is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to cure the deficiencies noted above. Accordingly,

       IT IS ORDERED that defendant's motion for summary judgment is denied.

       IT IS FURTHER ORDERED that defendant's motion for an enlargement of time to file a summary judgment motion [docket entry 17] is granted.

       IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted in part as follows: this matter is hereby remanded to defendant for further proceedings to correct the deficiencies identified above. This is a sentence four remand under 42 U.S.C. § 405(g).

                                    S/Bernard A. Friedman
Dated: December 17, 2014           BERNARD A. FRIEDMAN
    Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2014.

                                      s/Felicia M. Moses for Carol Mullins
                                      CAROL MULLINS
                                      Case Manager